**14 CV 4117**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PARIS ANDERSON,
KEISHA STRAIGHT,

                         Plaintiff,

         - against -

POLICE OFFICER DAVID HYMAN,
POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4,

                        Defendants.
-----------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

RECEIVED JUN 0 6 2014 U.S.D.C. S.D.N.Y.

Plaintiffs, PARIS ANDERSON and KEISHA STRAIGHT, by their attorneys, NASS & ROPER LAW, LLP, complaining of the Defendants, respectfully allege, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiffs, PARIS ANDERSON and KEISHA STRAIGHT, seek damages to redress the deprivation, under color of state law, of rights secured to them under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about July 26, 2012, at approximately 8:00 p.m., at or near 164-25 108th Drive in the County of Queens, City and State of New York, Plaintiffs were falsely arrested and assaulted by Defendants including, but not limited to, POLICE OFFICER DAVID HYMAN and POLICE OFFICER JOHN DOE(S) #'S 1-4. It is alleged that Defendants falsely arrested Plaintiffs, used excessive force in effectuating their arrest and maliciously prosecuted claims against them in violation of his constitutional rights.

## II. JURISDICTION

1

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiffs' state law claims.

### III. PARTIES

3. Plaintiffs, PARIS ANDERSON and KEISHA STRAIGHT, at all times relevant hereto reside in Bronx County, specifically 1058 Teller Avenue, in the City and State of New York.

4. Defendant, CITY OF NEW YORK, (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendants, POLICE OFFICER DAVID HYMAN (TX: 950608) and POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-4, were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

6. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

2

## IV. FACTS

7. On or about July 26, 2012, at approximately 8:00 p.m., Plaintiffs, PARIS ANDERSON and KEISHA STRAIGHT, were lawfully present near the location of 164-25 108th Drive in Queens County, City and State of New York.

8. While Plaintiffs were walking towards their home, Defendants approached them in a marked police van and stopped to question them.

9. Plaintiffs told Defendants that "nothing was going on," but Defendants proceeded to exit the vehicle and approach Plaintiffs.

10. Defendants confront Plaintiffs and begin placing both Plaintiffs under arrest without telling them what they were being arrested for.

11. Defendants attempt to place handcuffs on Plaintiff, KEISH SMART and in doing so cause severe injury.

12. Defendants then release Plaintiff, KEISHA SMART, and focus on Plaintiff, PARIS ANDERSON.

13. Defendants then begin trying to place Plaintiff, PARIS ANDERSON, in handcuffs and cause severe injury to his hands and wrists.

14. Defendants proceed to throw Plaintiff, PARIS ANDERSON into the van and slam the door on his right leg and knee causing severe injury.

15. Plaintiff, KEISHA STRAIGHT, called 911 to report the officers who were arresting Plaintiff, PARIS ANDERSON.

16. Defendants drive Plaintiff, PARIS ANDERSON, to the precinct but stop the van after only a few blocks to fix the handcuffs they have improperly placed him in.

17. PARIS ANDERSON would sit at the precinct for approximately six (6) hours before being brought to Central Booking.

18. PARIS ANDERSON would wait at Central Booking for approximately 14 hours before being released.

19. PARIS ANDERSON would be forced to appear in court approximately four (4) more times before all charges were eventually dismissed.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

20. Paragraphs 1 through 19 of this complaint are hereby re-alleged and incorporated by reference herein.

21. That Defendants had neither valid evidence for the arrest of Plaintiffs, PARIS ANDERSON and KEISHA STRAIGHT nor legal cause or excuse to seize and detain PARIS ANDERSON for approximately 20 hours.

22. That in detaining Plaintiff PARIS ANDERSON for approximately 20 hours, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

23. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

24. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly

4

monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

25. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

26. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

27. By reason of the foregoing, Plaintiffs suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

28. Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference herein.

29. That the seizure, detention and imprisonment of Plaintiffs were unlawful in that Defendants had no probable cause to detain, arrest them.

30. That Defendants intended to confine Plaintiffs.

31. That Plaintiffs were conscious of the confinement and did not consent to it.

32. That the confinement was not otherwise privileged.

33. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiffs' rights, deprived them of their liberty when they subjected them to unlawful, illegal and excessive detention, in violation of State law.

34. That by reason of the foregoing, Plaintiffs suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

35. Paragraphs 1 through 34 are hereby re-alleged and incorporated by reference herein.

36. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure, and the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

37. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiffs' arrest.

38. That Defendants violated Plaintiffs' Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against them.

39. That at the time of the arrest, Plaintiffs did not pose a threat to the safety of the arresting officers and Plaintiffs were not actively resisting arrest or attempting to evade arrest.

40. That Defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiffs to excessive force while effectuating their arrest.

41. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

42. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to excessive force while effectuating their arrest, in violation of

their rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

43. That upon information and belief, in 2012, Defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

44. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

45. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

46. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

47. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
**Pursuant to State Law (EXCESSIVE FORCE)**

48. Paragraphs 1 through 47 are hereby re-alleged and incorporated by reference herein.

49. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

50. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

51. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiffs' arrest.

52. That at the time of the arrest, Plaintiffs did not pose a threat to the safety of the arresting officers.

53. That Plaintiffs were not actively resisting arrest or attempting to evade arrest.

54. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

55. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to excessive force while effectuating their arrest in violation of the laws of the State of New York.

56. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT and BATTERY)

57. Paragraphs 1 through 56 are hereby re-alleged and incorporated by reference herein.

58. That Defendants intended to cause harmful bodily contact to Plaintiffs.

59. That Defendants, in a hostile manner voluntarily caused Plaintiffs' injuries.

60. That Defendants contact with Plaintiffs constituted a battery in violation of the laws of the State of New York.

8

61. That by reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to §1983 (MALICIOUS PROSECUTION)

62. Paragraphs 1 through 61 are hereby re-alleged and incorporated by reference herein.

63. That Defendants, with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime.

64. That the criminal matter against Plaintiff was terminated in his favor and the court dismissed the case.

65. That there was no probable cause for the arrest and criminal proceeding.

66. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

67. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, Plaintiff was maliciously prosecuted despite the fact that he had committed no violation of the law.

68. That upon information and belief it was the policy and /or custom of Defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff,

agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

69. That as a result of the above described policies and customs, Defendant CITY, its staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

70. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

71. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

72. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XI. SEVENTH CAUSE OF ACTION
### Pursuant to State Law (MALICIOUS PROSECUTION)

73. Paragraphs 1 through 72 are hereby re-alleged and incorporated by reference herein.

74. That Defendants acted with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime.

75. That the criminal matter has been dismissed in Plaintiff's favor.

76. That there was no probable cause for the arrest and criminal proceeding.

77. Defendants knew or should have known that there was no likelihood of a conviction of Plaintiff.

78. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

79. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### XII. EIGHTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

80. Paragraphs 1 through 79 are hereby re-alleged and incorporated by reference herein.

81. That at all times, all Defendants were acting within the scope of their employment.

82. That Defendant CITY was able to exercise control over Defendant Officers' activities.

83. That Defendant CITY is liable for Defendant Officers' actions under the doctrine of respondeat superior.

84. By reason of the foregoing, Plaintiffs suffered mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer, emotional pain, suffering, inconvenience, injury to his

reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiffs have further experienced severe emotional and physical distress.

WHEREFORE, Plaintiffs respectfully request that judgment be entered:

1. Awarding Plaintiffs compensatory damages in a full and fair sum to be determined by a jury;
2. Awarding Plaintiffs punitive damages in an amount to be determined by a jury;
3. Awarding Plaintiffs interest from July 26, 2012; and
4. Awarding Plaintiffs reasonable attorney's fees pursuant to 42 USC §1988; and
5. Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
June 5, 2014

Yours, etc.

JUSTIN M. ROPER, ESQ.
ATTORNEY FOR PLAINTIFFS
NASS & ROPER LAW, LLP
14 PENN PLAZA, SUITE 2004
NEW YORK, NEW YORK 10122

## ATTORNEY'S VERIFICATION

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiffs, PARIS ANDERSON and KEISHA STRAIGHT. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiffs is that Plaintiffs are not presently in the county wherein the attorneys for the Plaintiffs maintain their offices.

DATED:   New York, New York
         June 5, 2014

                                                        _____
                                                        JUSTIN M. ROPER, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PARIS ANDERSON,
KEISHA STRAIGHT,

                            Plaintiff,

– against –

POLICE OFFICER DAVID HYMAN,
POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4

                            Defendants.

## SUMMONS & VERIFIED COMPLAINT

**NASS & ROPER LAW, LLP**
*Attorneys for Plaintiffs*
**PARIS ANDERSON and KEISHA STRAIGHT**
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246*

---

* Not for service of papers.